Judge Pauley

07 CIV 7511

(WHP) (RLE)

Jeffrey . Hubicki, Esq. (JH0598)
Menagh & Falcone, P.C.
Attorneys for Plaintiffs
386 Park Avenue South
New York, NY 10016
(212) 532-3850

AUG 24 2007
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------X

HECTOR MORALES and ISABEL ORTIZ,

Plaintiffs,

CIVIL ACTION NO.:

- against -

**COMPLAINT**

THE CITY OF NEW YORK, DETECTIVE JEFFREY CARROLL, SHIELD # 006136, and UNIDENTIFIED NEW YORK CITY POLICE OFFICERS, EMPLOYEES AND AGENTS, individually and in their official capacities as detectives and/or officers of the New York City Police Department,

PLAINTIFFS DEMAND TRIAL BY JURY

Defendants.

---------------------------------------X

ECF CASE

Plaintiffs, by their attorneys MENAGH & FALCONE, P.C., as and for their Complaint against the Defendants, allege, upon information and belief, and at all times hereinafter mentioned, as follows:

JURISDICTION

1. Jurisdiction is founded upon the existence of a Federal Question.

2. This is an action to redress the deprivation under color of statue, ordinance, regulation, custom, or usage of a right, privilege, and immunity secured to Plaintiffs by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. §§ 1981, 1983, 1985

PDF created with pdfFactory trial version www.pdffactory.com

and 1986) and arising under the law and statutes of the State of New York.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343(3) and 1343(4), this being an action authorized by law to redress the deprivation under color of law, statue, ordinance, regulation, custom and usage of a right privilege, and immunity secured to plaintiffs by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States.

4. Plaintiffs invoke supplemental jurisdiction of this Court over their state claims against the Defendants for common law violations pursuant to 28 U.S.C. § 1367 as the common law form part of the same case or controversy.

5. The matter in controversy exceeds, exclusive of interest and costs, the sum or value of $150,000.00.

6. Venue is proper in the District pursuant to 28 U.S.C. § 1391 as the causes of action occurred in this District.

PARTIES

7. Plaintiffs were and remain residents of the County of New York, State of New York.

8. Defendant THE CITY OF NEW YORK (NYC) was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. The New York City Police Department is a local governmental agency duly formed and operating under and by virtue of the laws and constitution of the State of New York, and the Defendant, NYC, is responsible for the policies, practices and customs of the New York City Police Department as

PDF created with pdfFactory trial version www.pdffactory.com

well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees and is the final decision maker for that agency.

10. Defendant NYC, its agents, servants and employees operated, maintained and controlled the New York City Police Department, including all the police officers thereof.

11. Defendants DETECTIVE JEFFREY CARROLL, SHIELD # 06136, and UNIDENTIFIED NEW YORK CITY POLICE OFFICERS were employed by the Defendant, NYC, as police officers.

PENDENT STATE LAW CLAIMS

12. On May 1, 2007, a Notice of Claim on behalf of Plaintiff HECTOR MORALES and a Notice of Claim on behalf of Plaintiff ISABEL ORTIZ were served on the New York City Law Department Office of Corporation Counsel.

13. More than thirty (30) days have elapsed since the service of said Notices of Claim upon Defendants and adjustment or payment thereof has been neglected or refused.

14. On June 15, 2007, the Plaintiffs appeared and testified for a 50-H hearing.

15. The within action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

16. All conditions precedent to the commencement of the within action have been fulfilled.

17. That N.Y. CPLR 1601 does not apply pursuant to the exception provided by CPLR 1602(1)(b).

PDF created with pdfFactory trial version www.pdffactory.com

FACTS

18. That on February 23, 2007 at about 3:30 p.m. at the home of the Plaintiffs located at 1641 Madison Avenue, Apartment 16F, New York, New York, the Plaintiffs were unlawfully arrested and unlawfully handcuffed after the Defendants, acting in concert, unlawfully entered Plaintiffs' apartment.

19. Plaintiff ISABEL ORTIZ was forced to be exposed to the officers in her pajamas and Plaintiffs were made to stand handcuffed in the public hallway in plain sight of their neighbors. The Defendants threatened the Plaintiffs saying that if the Plaintiffs did not confess to a crime that they would lose their apartment.

20. Plaintiffs were forcibly removed to Narcotics Borough Manhattan North where they were unlawfully detained for over three hours with Plaintiff ISABEL ORTIZ still in her pajamas. Plaintiffs were then forcibly removed to the "Tombs," Central Booking, 100 Centre Street, New York, New York, where they were incarcerated for thirty hours with Plaintiff ISABEL ORTIZ still in her pajamas.

21. At no time was Plaintiff ISABEL ORTIZ ever informed of the charges against her or the reason or basis for her arrest and detention.

22. At no time until just prior to his release was Plaintiff HECTOR MORALES ever informed of the charges against him or the reason or basis for his arrest and detention.

PDF created with pdfFactory trial version www.pdffactory.com

23. The Plaintiffs' apartment was unlawfully searched, the front door was destroyed, and items of Plaintiffs' personal property was ransacked, broken and/or stolen by the Defendants.

24. As a consequence of the foregoing the Plaintiffs suffered physical and emotional pain and distress and economic loss.

FIRST CAUSE OF ACTION (VIOLATION OF RIGHTS UNDER § 1983)

25. That Plaintiffs' rights have been violated under the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution pursuant to 42 U.S.C. § 1983. Plaintiffs were unlawfully seized, detained, arrested, imprisoned, assaulted, searched and their rights to privacy were violated, subjected to abuse of process and intentional infliction of emotional distress.

26. As a direct result of Defendants' actions, Plaintiffs were deprived of rights, privileges and immunities under the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution being more particularly Plaintiffs' rights to be secure in their persons, papers and effects against unreasonable searches and seizures; to be free of excessive use of force; not to be deprived of life, liberty and property without due process of law; Fifth Amendment rights to counsel; to be informed of the nature and cause of the accusation against them as secured to them under the Sixth and Fourteenth Amendments of the Constitution of the United States; and the right to equal protection of the laws secured by the Fourteenth Amendment to the Constitution of the United States.

PDF created with pdfFactory trial version www.pdffactory.com

27. That the said assault, searches, detention, arrest and imprisonment were caused by the Defendants, their agents, servants and employees, without warrant or legally sufficient warrant or other legal process and without authority of the law and without any reasonable cause or belief that the Plaintiffs were in fact guilty of crimes.

28. That the Defendants, their agents, servants and employees, acting within the scope of their authority and within the scope of their employment, detained and imprisoned the Plaintiffs even though the Defendants, their agents, servants and employees, had the opportunity to know or should have known, the matter hereinbefore alleged, wrongfully, unlawfully and without sufficient charges having been made against the Plaintiffs, directed that the Plaintiffs be searched and placed in confinement.

29. That the Defendants conspired together to violate Plaintiffs' rights in that the individual Defendants acted in concert to unlawfully violate Plaintiffs' rights. Said conspiracy included the overt acts of falsely arresting, imprisoning, searching, threatening, assaulting, and disseminating false information about Plaintiffs.

30. That the Plaintiffs were wholly innocent of any crimes and did not contribute in any way to the conduct of the Defendants, their agents, servants and employees, and were forced by the Defendants to submit to the aforesaid arrest and imprisonment thereto entirely against their will.

PDF created with pdfFactory trial version www.pdffactory.com

31. That the Defendants, their agents, servants and employees, as set forth aforesaid on the aforementioned dates, times and places, intended to confine the Plaintiffs; in that the Plaintiffs were conscious of their confinement; Plaintiffs did not consent to their confinement; and that the confinement was not otherwise privileged.

32. That by reason of the unlawful conspiracy, false arrest, assault, imprisonment and detention of the Plaintiffs, and other violations of Plaintiffs' rights, Plaintiffs were subjected to great indignities, humiliation and ridicule, in being so detained and greatly injured in their credit and circumstances and were then and there prevented and hindered from performing and transacting their necessary affairs and business, and they were caused to suffer much pain in both mind and body, and the loss of employment and the loss of employment opportunities.

33. That by reason of the aforesaid, the Plaintiffs have been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS and are entitled to an award of punitive damages.

SECOND CAUSE OF ACTION

Plaintiff restates and re-alleges all of the preceding paragraphs of the Complaint as if set forth fully hereat.

34. That on or about the above dates and times, the defendants assaulted Plaintiffs; used excessive force to arrest plaintiff; falsely arrested, imprisoned, detained Plaintiffs libeled and slandered Plaintiffs; intentionally inflicted emotional distress upon the Plaintiffs; invaded Plaintiff's

PDF created with pdfFactory trial version www.pdffactory.com

privacy; allowed Plaintiffs to have unnecessary pain and suffering; conspired against the Plaintiffs; denied Plaintiffs their liberty under the laws and Constitution of the State of New York; trespassed against Plaintiffs; and otherwise violated Plaintiffs' rights under New York law.

35. That by reason of the aforesaid committed by the defendants, their agents, servants and employees, acting within the scope of their employment and authority, and without probable or reasonable cause, the Plaintiffs' rights were violated under New York State common, statutory and constitutional law and plaintiff suffered emotional and bodily injury, and that she was otherwise damaged. The defendant NYC is vicariously liable for the conduct of their employees.

36. That by reason of the aforesaid, the Plaintiffs have been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS and are entitled to an award of punitive damages.

THIRD CAUSE OF ACTION

Plaintiff restates and re-alleges all of the preceding paragraphs of the Complaint as if set forth fully hereat.

37. That the defendants were negligent, careless and reckless in hiring and retaining, properly training and supervising, as and for its employees, Defendant DETECTIVE JEFFREY CARROLL and the above unidentified individuals, in that the said Defendants lacked the experience, deportment and ability to be employed by the Defendant NYC, in that the Defendant failed to exercise due care and caution in their hiring practices and in particular, in hiring the defendant

PDF created with pdfFactory trial version www.pdffactory.com

employees who lacked the mental capacity and the ability to function as employees of the aforementioned defendants; failing to investigate the above named Defendants' background and in that they hired and retained an employees individuals who were unqualified in that the defendants lacked the maturity, sensibility and intelligence to be employed when hired to be employees; also in that the Defendant NYC failed to train its employees in the proper use of force; in the proper method of restraining a suspect; to control their tempers and exercise the proper deportment and temperament; and to otherwise act as reasonably prudent officers and employees; failed to give them proper instruction as to their deportment, behavior and conduct as representatives of their employers; and, in that the defendants, their agents, servants and employees were otherwise reckless, careless and negligent.

38. That the aforementioned occurrences and resulting injuries to mind and body were caused wholly and solely by reason of the negligence of the defendants, their agents, servants and employees without any negligence on the part of the plaintiff.

39. That by reason of the aforesaid, the Plaintiffs have been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

FOURTH CAUSE OF ACTION

Plaintiff restates and re-alleges all of the preceding paragraphs of the Complaint as if set forth fully hereat.

40. That the Defendants, their agents, servants and employees negligently, carelessly and recklessly performed their

PDF created with pdfFactory trial version www.pdffactory.com

duties in that they failed to use such care in the performance of their duties as a reasonably prudent and careful police officer or other employee would have used under similar circumstances in that the carelessly, recklessly and negligently arrested the Plaintiffs without making a proper investigation, in that they were negligent, careless and reckless in the manner in which they operated, controlled and maintained the said arrest of the Plaintiffs, that the defendants their agents, servants and employees negligently, carelessly and recklessly without provocation and with force against the Plaintiffs interfered with Plaintiffs' rights of free movement; negligently, carelessly and recklessly used the threat of physical force and actually used physical force upon the Plaintiffs thereat; and in that the defendants, their agents, servants and employees were otherwise careless, reckless and negligent.

41. That the aforesaid occurrences and the resulting injuries to mind and body were caused wholly and solely by reason of the negligence of the defendants, their agents, servants and employees without any negligence on the part of the Plaintiffs.

42. That by reason of the aforesaid, the Plaintiffs have been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

FIFTH CAUSE OF ACTION

Plaintiff restates and re-alleges all of the preceding paragraphs of the Complaint as if set forth fully hereat.

PDF created with pdfFactory trial version www.pdffactory.com

43. Defendants who were policy makers and final decision makers as a matter of law, policy and practice, have acted with a callous, reckless and deliberate indifference to Plaintiffs' constitutional rights as protected by 42 U.S.C. § 1983, in that they failed to implement effective policies and did not adequately discipline, train or otherwise direct police officers concerning the rights of citizenship more particularly they failed to train their employees in the proper criteria for the use of force and to instruct them as to when they have an affirmative duty to intervene to prevent preventable harms from being inflicted by other officers and that the abovementioned defendants failure to train, supervise and implement needed policies thereby caused the defendant officers in this case to engage in the above mentioned conduct that resulted in the deprivations of Plaintiffs' rights under the United States Constitution and directly caused their physical and emotional harms.

44. Defendants who were policy makers and final decision makers as a matter of police and practice, have with deliberate indifference failed to properly sanction or discipline police officers and NYPD employees including the defendants in this case, for the obvious problem of the recurring violations of the constitutional rights of citizens thereby causing defendants in this case, to engage in unlawful conduct.

45. Defendants who were policy makers and final decision makers, as a matter of policy and practice, have with deliberate indifference failed to sanction or discipline police officers

PDF created with pdfFactory trial version www.pdffactory.com

sufficiently, including the defendants in this case, who were aware of and subsequently concealed violations of the constitutional rights of citizens by other officers and employees, and who did not effectively sanction recalcitrant officers and employees and thereby caused and encouraged said individuals, including defendants in this case, to engage in unlawful conduct.

46. That the Defendant police officers, each of them separately and in concert, acted under color and pretense of law to wit: under color of the statutes, ordinances, regulations, customs and usages of the NYC and the defendants here, separately and in concert, engaged in the illegal conduct above mentioned to the injury of the Plaintiffs and deprived Plaintiffs of their rights under the Constitution of the United States and the laws of the United States.

47. Although Defendants knew or should have known of the fact that illegal patterns of conduct were carried out by their agents, servants and employees, the Defendant NYC has not taken any step nor made any efforts to halt this course of conduct, to make redress to the Plaintiffs or other citizens injured thereby, or to take any disciplinary action whatever against any of their employees or agents.

48. It was and is the practice, policy and custom of the Defendant NYC to investigate inadequately and improperly civilian complaints of misconduct.

49. That by reason of the aforesaid, the Plaintiffs have been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

PDF created with pdfFactory trial version www.pdffactory.com

SIXTH CAUSE OF ACTION

Plaintiff restates and re-alleges all of the preceding paragraphs of the Complaint as if set forth fully hereat.

50. Defendants falsely arrested and falsely imprisoned Plaintiffs for charges that never existed and were in fact dismissed by the Court.

51. Defendants used criminal process against the Plaintiffs in order to intimidate them into a forced confession and to dissuade them from asserting their rights against the Defendants and in order to cover up their own wrongdoing to avoid civil and criminal liability for their own acts.

52. As a proximate result of this malicious abuse of process, false arrest, and false imprisonment, Plaintiffs suffered the damages as aforesaid.

53. That by reason of the aforesaid, the Plaintiffs have been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

SEVENTH CAUSE OF ACTION

Plaintiff restates and re-alleges all of the preceding paragraphs of the Complaint as if set forth fully hereat.

54. Defendants' intentional abuse of Plaintiffs' constitutional rights and conduct described herein above abused Plaintiffs in a manner that was extreme, outrageous, and unjustified, and caused Plaintiffs to suffer physical and emotional distress for which Defendants are liable.

55. Defendants' intentional abuse of Plaintiffs was the proximate cause of Plaintiffs' injuries and damages as described herein.

PDF created with pdfFactory trial version www.pdffactory.com

56. That by reason of the aforesaid, the Plaintiffs have been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

EIGHTH CAUSE OF ACTION

Plaintiff restates and re-alleges all of the preceding paragraphs of the Complaint as if set forth fully hereat.

57. Defendants negligently and/or intentionally destroyed and/or stole personal property belonging to Plaintiffs from the Plaintiffs' apartment.

58. Defendants are liable to the Plaintiffs for the loss of personal property on the theories of negligence, conversion and/or trespass to chattel.

59. That by reason of the aforesaid, the Plaintiffs have been damaged in the sum of TEN THOUSAND ($10,000.00) DOLLARS.

WHEREFORE, plaintiffs demand judgment against the defendants in the sum of ONE MILLION ($1,000,000.00) DOLLARS and punitive damages on the First Cause of Action, ONE MILLION ($1,000,000.00) DOLLARS and punitive damages on the Second Cause of Action; ONE MILLION ($1,000,000.00) DOLLARS on the Third Cause of Action; ONE MILLION ($1,000,000.00) DOLLARS on the Fourth Cause of Action; ONE MILLION DOLLARS ($1,000,000.00) on the Fifth Cause of Action; ONE MILLION DOLLARS ($1,000,000.00) on the Sixth Cause of Action; ONE MILLION DOLLARS ($1,000,000.00) on the Seventh Cause of Action; TEN THOUSAND ($10,000.00) DOLLARS on the Eighth Cause of Action; and reasonable attorney's fees, together with costs and disbursements of this action; a trial by jury of all issues

PDF created with pdfFactory trial version www.pdffactory.com

involved in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated: New York, New York
August 22, 2007

Yours etc.,

By: [signature]

Joseph S. Hubicki (JH0598)
MENAGH & FALCONE, P.C.
Attorneys for Plaintiffs
386 Park Avenue South
New York, New York 10016
(212) 532-3850

PDF created with pdfFactory trial version www.pdffactory.com