UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

HECTOR MORALES and ISABEL ORTIZ,

                              Plaintiffs,

          -against-

THE CITY OF NEW YORK, DETECTIVE JEFFREY
CARROLL, SHIELD # 006136, and UNIDENTIFIED
NEW YORK CITY POLICE OFFICERS, EMPLOYEES
AND AGENTS, individually and in their official capacities
as detectives and/or officers of the New York City Police
Department,

                              Defendants.

------------------------------------------------------------------------ x

**ANSWER**

Jury Trial Demanded

07 Civ. 7511 (WHP)(RLE)

        The City of New York and Jeffrey Carroll, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

        2.     Deny the allegations set forth in paragraph "2" of the complaint, except admit plaintiffs purport to proceed as stated therein.

        3.     Deny the allegations set forth in paragraph "3" of the complaint, except admit plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

        4.     Deny the allegations set forth in paragraph "4" of the complaint, except admit plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

        5.     Deny the allegations set forth in paragraph "5" of the complaint, except admit plaintiffs purport to proceed as stated therein.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit plaintiffs purport to base venue as stated therein.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Admit the allegations set forth in paragraph "8" of the complaint.

9. Deny the allegations set forth in paragraph "9" of the complaint and respectfully refer the Court to the City Charter and Administrative Code for a recitation of the relationship between the City of New York and the New York City Police Department.

10. Deny the allegations set forth in paragraph "10" of the complaint and respectfully refer the Court to the City Charter and Administrative Code for a recitation of the relationship between the City of New York and the New York City Police Department.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit that defendant Jeffrey Carroll, Shield No. 6136, is a New York City police officer, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding any unidentified persons.

12. Deny the allegations set forth in paragraph "12" of the complaint, except admit that purported Notices of Claim were received in the New York City Law Department Office of the Corporation Counsel on or about May 1, 2007.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit that more than thirty (30) days have elapsed since plaintiffs' purported Notices of Claim were received and further admit that defendants have made no adjustment or payment thereof.

14. Admit the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint, except admit that this action was commenced on August 22, 2007.

16. Deny the allegations set forth in paragraph "16" of the complaint and respectfully refer all questions of law to the Court.

17. Deny the allegations set forth in paragraph "17" of the complaint and respectfully refer all questions of law to the Court.

18. Deny the allegations set forth in paragraph "18" of the complaint, except admit that plaintiffs were arrested at 1641 Madison Avenue, Apartment 16F, New York, New York on February 23, 2007.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint, except admit that plaintiffs were taken to a New York City Police Department facility and then to Central Booking.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint, except admit that the front door of the apartment was damaged.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. In response to the allegations set forth in and under the heading "<u>SECOND CAUSE OF ACTION</u>" following paragraph "33" and preceding paragraph "34", defendants repeat and reallege the responses set forth in paragraphs "1" through "33" inclusive of this answer, as if fully set forth herein.

35. Deny the allegations set forth in paragraph "34" of the complaint.

36. Deny the allegations set forth in paragraph "35" of the complaint.

37. Deny the allegations set forth in paragraph "36" of the complaint.

38. In response to the allegations set forth in and under the heading "<u>THIRD CAUSE OF ACTION</u>" following paragraph "36" and preceding paragraph "37", defendants repeat and reallege the responses set forth in paragraphs "1" through "37" inclusive of this answer, as if fully set forth herein.

39. Deny the allegations set forth in paragraph "37" of the complaint.

40. Deny the allegations set forth in paragraph "38" of the complaint.

41. Deny the allegations set forth in paragraph "39" of the complaint.

42. In response to the allegations set forth in and under the heading "<u>FOURTH CAUSE OF ACTION</u>" following paragraph "39" and preceding paragraph "40", defendants repeat and reallege the responses set forth in paragraphs "1" through "41" inclusive of this answer, as if fully set forth herein.

43. Deny the allegations set forth in paragraph "40" of the complaint.

44. Deny the allegations set forth in paragraph "41" of the complaint.

45. Deny the allegations set forth in paragraph "42" of the complaint.

46. In response to the allegations set forth in and under the heading "FIFTH CAUSE OF ACTION" following paragraph "42" and preceding paragraph "43", defendants repeat and reallege the responses set forth in paragraphs "1" through "45" inclusive of this answer, as if fully set forth herein.

47. Deny the allegations set forth in paragraph "43" of the complaint.

48. Deny the allegations set forth in paragraph "44" of the complaint.

49. Deny the allegations set forth in paragraph "45" of the complaint.

50. Deny the allegations set forth in paragraph "46" of the complaint.

51. Deny the allegations set forth in paragraph "47" of the complaint.

52. Deny the allegations set forth in paragraph "48" of the complaint.

53. Deny the allegations set forth in paragraph "49" of the complaint.

54. In response to the allegations set forth in and under the heading "SIXTH CAUSE OF ACTION" following paragraph "49" and preceding paragraph "50", defendants repeat and reallege the responses set forth in paragraphs "1" through "53" inclusive of this answer, as if fully set forth herein.

55. Deny the allegations set forth in paragraph "50" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that the charges against plaintiffs were dismissed.

56. Deny the allegations set forth in paragraph "51" of the complaint.

57. Deny the allegations set forth in paragraph "52" of the complaint.

58. Deny the allegations set forth in paragraph "53" of the complaint.

59. In response to the allegations set forth in and under the heading "<u>SEVENTH CAUSE OF ACTION</u>" following paragraph "53" and preceding paragraph "54", defendants repeat and reallege the responses set forth in paragraphs "1" through "58" inclusive of this answer, as if fully set forth herein.

60. Deny the allegations set forth in paragraph "54" of the complaint.

61. Deny the allegations set forth in paragraph "55" of the complaint.

62. Deny the allegations set forth in paragraph "56" of the complaint.

63. In response to the allegations set forth in and under the heading "<u>EIGHTH CAUSE OF ACTION</u>" following paragraph "56" and preceding paragraph "57", defendants repeat and reallege the responses set forth in paragraphs "1" through "62" inclusive of this answer, as if fully set forth herein.

64. Deny the allegations set forth in paragraph "57" of the complaint.

65. Deny the allegations set forth in paragraph "58" of the complaint.

66. Deny the allegations set forth in paragraph "59" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

67. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

68. Defendants has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

69. At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of its discretion; therefore, they are entitled to state law good faith immunity.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

70. Any injuries alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and were not the proximate result of any act of the defendants.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

71. Plaintiffs have failed to comply, in whole or in part, with New York General Municipal Law § 50-e.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

72. Plaintiffs cannot recover punitive damages from defendant City of New York.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

73. There was probable cause for plaintiffs' arrest, detention and prosecution.

**AS AND FOR AN EIGHT AFFIRMATIVE DEFENSE:**

74. Plaintiffs' conspiracy claim is barred by the intra-corporate conspiracy doctrine.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

75. The individual defendant Jeffrey Carroll has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

76. Plaintiffs' apartment was entered and searched pursuant to a lawfully obtained search warrant.

- 8 -

**WHEREFORE,** defendants City of New York and Jeffrey Carroll request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:	New York, New York
	November 9, 2007

	MICHAEL A. CARDOZO
	Corporation Counsel of the
	  City of New York
	Attorney for Defendants
	100 Church Street, Room 3-141
	New York, New York 10007
	(212) 788-0869

	By:	/s/ Jordan M. Smith
		Jordan M. Smith
		Assistant Corporation Counsel

To:	Joseph S. Hubicki, Esq. (by ECF)
	386 Park Avenue South
	New York, New York  10016